FILED
2019 Feb-13 PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

** IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT ; BIRMINGHAM , ALABAMA **

• Ex parte: JOE HENDERSON    #106899X
    ° PETITIONER °

• In re: HENDERSON 106899X Vs State of
    (PETITIONER)
Alabama et al, (ELMORE COUNTY CC-85-69
(Respondents)    CIRCUIT COURT, Wetumpka.)

CASE NUMBER :
to be supplied by the District
Court Clerk

4:19-CV-266-MHH-JEO

** PETITION FOR WRIT OF MANDAMUS ; A WRIT OF PROHIBITION PURSUANT
• 28 USC § 1651 DEMANDING 'SPECIAL CLASS' U.S. CITIZEN BE ANSWERED BY
STATE OF ALABAMA CONCERNING PETITIONERS 34 (thirty-four) YEARS' OF
INCARCERATION WHEN PETIT JURY OF ELMORE COUNTY CC-85-69 ACQUITTED
PETITIONER INSTANT JOE HENDERSON #106899X **

• APPEARS NOW THE PETITIONER, Joe Henderson 106899X, here
inafter HENDERSON, indigent, pro se, by way of assistance to read and write instant
document, RESPECTFULLY REQUESTING THAT THE FEDERAL COURT INTERVENE IM-
MEDIATELY TO THE SUBSTANTIATED, VERIFIED BY DECLARATION UNDER PENALTY
OF PERJURY, HAINES V KERNER.

• PETITIONER hereof HENDERSON an inmate of the Alabama De-
partment of Corrections (ADOC) AIS# (PRISONER I.D. Number # 106899X (ten-
sixty-eight - NINETY-NINE EX ) FOR THE PAST 34 (thirty-four) years on
the State of Alabama AUTHORIZED ORDER OF THE ELMORE COUNTY CIRCUIT
Court case number: CC-85-69, Judge John Bush presiding, that did ACCEPT,
FURTHER, RENDER JUDGMENT UPON subsequently, SENTENCE TO PUNISH-
MENT FOR THE INDEFINITE AND MANDATORY LIFE WITHOUT THE POSSIBILITY
OF PAROLE, LIFE UNTIL DEATH INCARCERATION in the ADOC, because:

A. Petit Jury announced verdict : "We the jury find the defendant
Joe Henderson guilty of Robbery in the
First Degree as EMBRACED by the
indictment, ..."

• IF THE COURT WILL NOW PLEASE TURN TO THE DOCUMENTS,
ATTACHED HERETOFORE AS EXHIBITS' by HENDERSON instant Petitioner,
"A", B, C, D, and E these documents are State of Alabama AUTHORIZED
A = ADOC INMATE SUMMARY, B = Letter from Circuit Court Clerk of Elmore →

(EX-PARTE:) (2) (HENDERSON)

"B" (continued from previous page...)

... County, Wetumpka, Alabama Larry Dozier; "C" The Capital Offense Indictment, procured in Spring 1985 by Elmore County Grand Jury (§13A-5-40(a)(2) Alabama Code 1975); "D" The Case Action Summary of CC-85-69, State V Henderson HANDWRITTEN by The presiding Circuit Court Judge of Elmore County The Honorable John Bush C(see line entry at 11/28/90 → The Jury's Verdict.)

★ THIS COURT IS WELL FAMILIAR WITH CAPITAL OFFENSE INDICTMENTS, the only "lesser included" offense of a Capital Offense is MURDER, HOMICIDE,

This Court is well familiar with 'AMENDING' an indictment. An Amendment CAN NOT be FIXED to allude to any charges not contemplated BY WHAT THE GRAND JURY BRIGHT LINED RULED was The criminal circumstance to accuse Petitioner Henderson then defendant.

There is NO AGREEMENT by parties to 'AMEND' the Capital Offense charged, CASE ACTION SUMMARY WOULD HAVE NOTED SUCH A HUGE ERROR.

Court documents conclude the following: The Jury's finding of GUILT of the accused for Robbery I° is an ACQUITTAL for the Capital Offense, §13A-5-40(a)(2) Ala Code 1975, MURDER during Robbery in the First Degree... Once an ACQUITTAL had occurred ALL ELEMENTS of the Indicted Charge ARE OBLITERATED NO LONGER IN EXISTANCE, so the Robbery I° verdict is not only PLAIN, OBVIOUS, and CLEAR but ILLEGAL. WHO CHARGED THE JURY that said jury could embrace certain 'aspects', elements, and return verdict? THERE IS ONLY ONE PERSON ALLOWED TO CHARGE A JURY AND the fact that NO OBJECTIONS are noted by 2 (two) professional attorneys that stood silent (a mere 4 (four) years after the US Supreme Court had ruled, it ILLEGAL for defense counsel to JOIN-UP with Judge and prosecutor to commit such vulgar and disrespectful acts in a "United Front" manner against a defendant, CRONIC V US 4de US——(US SUP CT 1986),

Please see: Alabama Code 1975 @, §13A-5-40(a)(2), AND §13A-5-40(b) (referring to primarily the 2nd (second) sentence:

●1ST sentence is passed. Second sentence only: "Subject to the provisions of §13A-5-41, (lesser included capital offenses) Murder as defined in §13A-6-2(a) 2 and 3, AS WELL AS Murder as defined in Section 13A-6-2(a)1 MAY BE A LESSER OFFENSE of the Capital Offenses defined in subsection (a) of this section..."

(2)     page TWO of 10     NEXT...

HENDERSON RESPECTFULLY requests that this Court, The United States District Court for the Northern District of Alabama @

   o The Hugo L Black, US COURTHOUSE, (Court Clerks Office)
     1729· 5th Avenue North
     Birmingham, Alabama 35203 - USA -

   INTERVENE ON BEHALF OF A UNITED STATES CITIZEN, that is, has been for thirty-four (34) years, INCARSERATED WHEN THE JURY'S verdict, EXHIBIT "D", ACQUITTED Petitioner Henderson of the Capital Offense §13A-5-40 (a)(2), Ala Code 1975, THAT INCLUDED the same Robbery element of the Capital Offense.

   The pronouncement of GUILT of Robbery I°, SUBSTANTIALLY THE EQUIVALENT OF AN ACQUITTAL of same Robbery I°, AND the primary goal of the indictment the victims demise.

   The Honorable Court does not need HENDERSON defining legal arithmatic nor publishing any new treaties concerning same. There is an abundance of information this Court needs to review and problematic to the entire situation is your Petitioner Mr. Joe Henderson, please see EXHIBIT "A" attached. This is a "time sheet", GIVEN to inmates of ADOC to show current custody dates EOS dates, Parole Dates (approximately), Charges pending, charges/offenses being punished for, than of course there is all pertinent, personal, knowledge of Mr Joe Henderson. Please review the document EXHIBIT "A",

   HENDERSON "1068 99X", born December 5, 1953; HENDERSON JUST TURNED OUR (Sixty-five) 65 years old. The past thirty-four (34) years in ADOC custody by the ORDER of Elmore County Circuit Court (CC-85-69 Indicted on February 1, 1985, AND JAILED same, for Capital Offense §13A-5-40(a)(2) Ala. Code 1975, Murder/Robbery in First Degree. Remand was ORDERED on 12-30-88, 11/26/90 was New Trial Date. 5 years 5 months 27 days JAIL CREDIT. Henderson was not "in jail" Henderson was on DEATH Row, held by ADOC, see ABOVE CENTER EXHIBIT "A", below title of page - PREV / NEXT: Z452 (this is "Z" custody of ADOC, "Z" custody number 452 is DEATH ROW of Alabama.)

   o See : Exhibit A, attached. HENDERSON is a BLACK MALE, review unset picture of Petitioner Henderson, He, Petitioner Instant, Henderson is entitled to the "SPECIAL CLASS "protections of 42 USC 31983, Civil Rights Act of 1964 §42, USC,
   Now see line #SIX, (6), "Admit" 11/28/90 2 two Life Sentences W/o Parole. 2 (two) ??? How and where is the second L.W.O.P sentence? Why is there only 1 (one) Charge/Offense listed on document ?? Why AFTER Henderson questioned ADOC administrative staff, Classification Specialist, named later if necessary, concerning this did same ADOC personell tell Henderson "I DON'T KNOW but it looks like Elmore County really screwed screwed you around. "Please see the very bottom of page at left the "Run date: 12/17/18, interview with Special- ist some 6 or 7 months ago. It is a fail, but it continues see ⟶

(3) page three of 16 NEXT ⟶

(28 USC 3162?) (4) (HENDERSON Exhibit)
(continued from previous page...)

EXHIBIT _A_ = Middle of document Right side - The C.S, consecutive - consecutive TO WHAT? there is to HENDERSON'S knowledge NO other L.W.O.P. punishment to serve. No other charges even pending see Middle of Page - Detainer Warrants - 1006899X - 'NO ACTIVE...'

* The Capital Murder Indictment, EXHIBIT "C", attached, IS THE ONLY INDICTMENT from Elmore County Circuit Court. Exhibit _B_, letter from Elmore County Court Clerk Larry Dozier states it flatly, No Robbery charges exist for the name of Joe Henderson. 34 (Thirty-four) YEARS! CC-85-69 is a Capital Offense indictment. ADOC, Inmate Summary; "Time Sheet" for # 1006899X Joe Henderson, petitioner herein, states the following as OFFENSES for 001006899X (left side near middle, black arrow, mark)

Seq.

| | County | Sentencing Date: |
| I (one) meaning INDIVIDUAL, | ELMORE | 11/28/90 - |
| | 251A Robbery 1 | |

* EXHIBIT "E" (three) pages 3, Court Reporters transcription of the sentencing hearing. There was not another charge from ELMORE COUNTY, there was not another sentencing hearing.

There is ONE charge CC-85-69 - and the jury did NOT find GUILT concerning the victims demise, and all other elements underlying the homicide are enhancement factors that place the Homicide into Murder in FIRST degree status, then more enhancements and the Murder is NOW A CAPITAL OFFENSE. CC-1985-000069, Habitual Offender? Y. Two of the sentencing hearing PRIOR convictions was TWO ROBBERY charges at once that Henderson received 10 (ten) years a piece on.? There was NOT a seperate conviction for either of these cases and The fact is the 1940 criminal code of Alabama DID NOT HAVE MULTIPLE ROBBERY "LEVELS" or "Degrees". The 'Robbery' ACTS, the criminality of it, could have been misdemeanor offense under Alabama's New 1975 Code; Petitioners states "New" as the Amendments to New Code occur every year; rewriting the law.

○ How can Henderson NOT suffer a SUBSTANTIAL, GRIEVOUS ERROR. that affected the jurys verdict (without question) PLAIN ERROR when Henderson was NEVER properly notified of SPECIFICALLY what Henderson stood to answer for? A Homicide, or a Robbery, ANY professional attorney would state that 2 (two) ENTIRELY different courses of defense would be utilized. A Capital Offense defense is to defeat MURDER -

(4)

page FOUR of 16 NEXT→

(continued from previous page...)

...A defense for Robbery would defeat Robbery. In a Capital Offense defend to obtain NOT GUILTY verdict on Murder/Homocide and the underlying, enhancement. factor (Felony) will betray itself or fall along side the acquittal for the Murder.

Visa Versa, DUE TO THE COMPONENTS of FACTUAL ALLEGA-TIONS throughout an indictment it is somewhat questionable to assume anything in hindsight.

Petitioner Henderson offers all 5 (five) Exhibits, attached hereto, A, B, C, D, and E 10 6899X. The "X" stands for Life Without the Possibility, of Parole (L.W.O.P.) Henderson pled NOT GUILTY AND fought for Hendersons life WON a reversal and was Transported 2 1/2 years later (approximately) to Elmore County where Henderson REFUSED MULTIPLE PLEA OFFERS.

The begrudged Court found a ROUTE TO PUT Henderson away for the remainder of Hendersons. AND HIDE the fact that ELMORE COUNTY AUTHORITIES DISGRACEFULLY ABUSED their GRANTED Authority upon a desolate, indigent black youth, that PLED NOT GUILTY before the snowblind caucassion Court of Elmore County that DID NOT HAVE RACE NEUTRAL REASONS for Striking Jury Venire when trying a black defendant. This BATSON claim won Henderson a Reverse/Remand.

Apparently the EVIDENCE against Henderson was poor to none. The fact that Henderson had the AUDACITY to be black and he in-dicted by a Elmore County Grand Jury was enough to convict any black male, especially to an all white jury.

Henderson's abuse did not stop there. Henderson was totally, completely, dependant upon defense counsel. Henderson has mild retardation. It is ever present and quite annoying when attempting to talk to him, Henderson about legalities.

There is NO possible manner in which anyone would believe Henderson made any impacts upon the defense other than general Knowledge that the police had anyway.

The facts of the case are not the issue in this present MANDAMUS and RE ARGUING procedurally barred evidentiary issues, substantive rule violators, ineffective assistance of defense counsel. BUT there is THE DENIAL OF COUNSEL on DIRECT REVIEW, Douglas V California where was the appellant Defense Counsel ???

How could the TREMENDOUS errors involved in the —→

(5) page FIVE of 16 NEXT—→

... CRITICAL STAGE OF Motion for New Trial Hearing, Rule 24 ALCrP, a mandatory prerequisite to Appellate Review. Issues must first be raised at trial court then Appellate Court. The trial court of Elmore County, Judge John Bush made a habit of disregarding Legislative Enactments that got in Judge Bush's way. The New Trial Motion must be ruled upon WITHIN 60 (sixty) days Judge Bush flippantly recounts this at the bottom of _Document "D"_ EXHIBIT, Handwritten by Judge Bush, The case action summary notes.

Judge Bush took it personally that Henderson had gotten a New Trial. Set his boots for activating a conviction then slow walked away from it by procrastinating at every step necessary to include issues in the Appellate Record. To this day HENDERSON states _Henderson_ has never received a FREE COPY OF THE TRIAL TRANSCRIPT.

This Court, The U.S. Dist. Ct. for the N. Dist. of Ala., instant case at bar, can recognize the plain error for what it is, BUT CAN THE COURT allow that Elmore County, the State Court, BLATANTLY violated 3 (three) United States Supreme Court Holding passed in the previous 10 (ten) to 13 (thirteen) years? Directly related to the matter at hand?

A. WHALEN V UNITED STATES 445 US 684 (USSUPCT 1980) — ONE.
B. _JONES V THOMAS_    491 US 376 (USSUPCT 1989) — TWO -
C. ALBERNAZ V U.S.    450 US 333 (USSUPCT 1981) — THREE -

* THOMAS (see B"supra) Thomas had been convicted of attempted robbery murder and of First Degree 'Felony' murder. Arguing Legislature did not authorize separate punishment for the ENHANCED murder AND the underlying felony.

However if plain error is committed a Court (federal) may take cognizance of a claim not properly raised before or during trial FRCrimP 52 (b) ; FedR Evid. 103 (d).

o ARTICLE III § 2 USC "... in All the other cases... THE SUPREME COURT SHALL have Appellate Jurisdiction, _BOTH AS TO LAW AND FACTS_ ...
o whether petitioner was "in custody" for purposes of MIRANDA requirements is a MIXED QUESTION of FACT AND LAW not entitled to a presumption of correctness." _Thompson V Keohane_ 516 US 99 (USSUPCT 1995);

ALSO please see _Smalis V Pennsylvania_ 476 US 140 (1936)US SUPCT : were acquitted for double jeopardy purposes WHEN A STATE trial judge sustained a demurrer at the close of the prosecution's case in a bench trial Since the determination was based on the insufficiency of the States evidence to establish factual guilt, The Double Jeopardy Clause barred ... "review.

... EXHIBIT D, attached is a perfect example of a Judicial Acceptance of evidence, verdict based on same, deferring actual pronouncement for personal reasons or whatever reasons at regard to the decisionmaker. Jurys verdict as ACCEPTED by the Court: handwritten TESTIMONY of the presiding adjudicator of Elmore County Circuit Court # 11/28/90 entry line at left side of page above middle. The trial courts ACCEPTANCE of the verdict is the ACCEPTED for the Capital Offense charged by the indictment of which has been related to you on previous pages herein.
. The Court of Elmore County then WANTONLY and maliciously abused their authority by pronouncing judgment and sentence ing Petitioner Henderson when it is clearly early on error of not re-indicting for secondary, count two, of a Robbery First Charge. The main reason the prosecutor did not file for a seperate indictment charge is because the pistol would be the singular piece of evidence used to act out the violence that Petitioner Henderson is accused of performing.
The fact is without the ARMED, unnecessary, victims assault where no story would be forthcoming because there is only one left alive to tell the tale.
Henderson doesn't know. Henderson wasn't there.
The point I'm attempting to make is the real world problem of taking advantage of mental instability, emotional duress, to act in a nasty and contrite manner with those with lessor educational benefits. Sometimes like Henderson its a birth defect.

Henderson did know to appeal. Henderson was granted defense counsel for direct appeal. Henderson never heard from the man after Henderson was transferred back to prison.
The Federal District Court presiding herein MUST give these matters serious contemplation.
Elmore County Circuit Court, sua sponte, gave a instruction allowing for the jury to decide a lesser in- cluded offense not based in the original indictment charge.
The original indictment charge was Capital Offense. As legislatively commanded the ONLY lesser offenses of Capital Offenses are murders/homicides, Not the lesser included offenses of offenses concerning other statutes.
Petitioner Henderson is suffering unnatural, FALSE IMPRISONMENT, UNLAWFUL IMPRISONMENT in the FIRST DEGREE §13A-6-41(a), Alabama Code 1975 →

(7)     Seven of  16    NEXT →

... if he restrains another person under circumstances which expose the latter to a risk of serious physical injury."

** BE VERY HARD TO ARGUE WITH A STRAIGHT FACE that knowingly depriving an American Citizen of their entitlements under the USCA, 1-14, and the Constitution of Alabama 1901, Article I §§1-25, and placing them in prison INDEFINITELY first isn't significantly more health hazardous than living in open society.

* Under the circumstances as they are and the provisions relevant to the case at hand this Court, US Dist. Ct. for the N. Dist. of Ala, has the jurisdiction to open an investigation accepting the pro se handwritten declarations of Joe Henderson 106899X concerning substantiated FACTS, proof provided via Government of Alabama documents.

• There's been no mistake no misinformation provided to this Court. Joe Henderson #106899X is a black male entitled to "Special Class" protections pursuant minority race, Civil Rights Act of 1964, The American With Disabilities Act of 1990 et seq 42 USC §12101, et seq, 42 USC 1983, JOE HENDERSON #106899X is intellectually slow, mentally impaired with little to no education, further, a Health Code 5, highest level, Dialysis Patient, no threat at all to society physically impaired with Illness. Must Dialyze at least 3 (three) times a week. The disability would terminate Henderson's life (without treatment) within a year.

• HENDERSON as a defendant in a predominantly caucassion society such as rural Alabama in 1985 the petitioner, Joe Henderson 106899X is requesting federal investigation into the matter.

Pursuant the Alabama Code 1975, Alabama's Rules of Court, Criminal Procedure, there is a time limitations period for nearly every step of prosecution. Henderson will request a 7 day, to include weekends and holidays as determined by Federal Rules of Criminal Procedure, seven day time period for the Attorney Generals Office of Alabama, The chief law enforcement officer of the State, to locate all the necessary paperwork, documents relevant hereto ie: Court Clerks file 106899X, Henderson V State of Alabama, and State V Henderson, CC-85-69 Elmore County Circuit Court Wetumpka Alabama, The Alabama Criminal Court of Appeals The Alabama Supreme Court, Any District Court, or Supreme Court of the United States of America, Arrest Reports, witness statements trial transcript FROM ONLY THE SECOND TRIAL November 1990,

Answer from the Respondent Representative a's to Why Henderson 106899X is still incarserated and is the State of Alabama going to order Henderson released? Henderson has been acquitted. There would be no more Court action against Henderson 106899X CC-85-69 is VOID. INVALID. Further Henderson requests this Court grant special

... consideration to HENDERSON as this has not been mentioned to the Media as yet not much time remains before they are involved then Nationally based groups will begin there chance.

Henderson wants an unconditionally set release. Henderson needs appointment of counsel and for the Federal Marshals to obtain custody of Henderson 106899X for safe keeping. This matter does not consist of any real problems the argument is that Henderson's day has finally come and the State make a settlement offer for 34 thirty-four years of illegal incarceration.

Henderson pled NOT guilty. Henderson is petit jury ACQUITTED Henderson of the Capital Offense.

Henderson is currently stationed at St Clair Correctional Facility 1000 St Clair Road, Springville, Alabama 35146. JOE HENDERSON 106899X.

Exhaustion of judicial remedies afforded by State Courts as a condition of issuance by federal courts of Writ of Habeas Corpus for release of Petitioner's held or imprisoned by State Authorities 96 LEd2d 129, 94 LEd2d 785, 88 LEd2d 576, 54 LEd 2d 873, 97 LEd2d 543, the some exhaustion of claims but not all 43 ALR Fed 631, Sup Ct views constitutes The Constitutional Right to Access to the Courts 52 LEd2d 779, The US Sup Ct's rule of "EXTRAORDINARY CIRCUMSTANCES", The All Writs Act 28 USC § 1651, The Civil Rights Act 1904, The Americans With Disabilities Act of 1990, 42 USC § 12101 et seq.;

"... if an Indictment was amended to charge an offense that was not a lesser included offense of the substantive one originally charged then defendants conviction is VOID because trial court was without jurisdiction to render judgment."
• ELLIS V STATE 686 So2d 1265 1996 AlaCrApp
Tolliver v State ___ So2d ___ (Ala Crim App 2005) lexis 109.

* Alabama refuses to allow PLAIN ERROR arguments and the Petitioner Henderson is procedurally barred by post conviction Rules Per 32 ARCrP, The state is required to provide proof that ERROR is harmless and, The Petitioner Henderson must provide demonstratable, material proof,
* Exhibits A B C D and E attached heretofore, of Henderson's factual innocence. Acquitted by Courts acceptance of jury verdict.
See: Thomas V Estelle 1979 CA5 Tex (precedent in 11th Circuit all FIFTH CIRCUIT 1979 and below)

It would be unprecedented abuse of discretion for this Court to accept the State Court, Elmore County, Alabama, CC-85-69; judgments —

page NINE of ___ NEXT➤

... a 'preclusive' effect under full faith and credit doctrine
See _Montana V U S_ (US SUP CT 1979) 440 US 147; _Allen V McCurry_ (1980 US SUP CT) 449 US 90,

State Court judgments having jurisdiction of parties and the subject matter operates as res judicata in the absence of _FRAUD_ or collusion _Rehle V Margolies_ (US SUP CT 1929) 279 US 218.

See _Venue Statute_ 9 ALR Fed 719 (see § 5 [f] on habeas Corpus.

Constitutional Right to Access to the Courts 52 L Ed 2d 779
State Court judgments are indirectly attacked while its the Petitioners detention "in custody" that is the apex of the matter _FAY V NOIA_ (1963 US SUP CT)

Congress intended by enacting 42 USC § 1983 make Federal Courts available to PROTECT CIVIL RIGHTS VIOLATIONS OF STATE COURT, _Vendo Co. V Lek TRO VEND Co_ (US SUP CT 1977) 433 US 623 (Id @ 633) _FAUCHL V US_ (US SUP CT 1972) 405 US 965, _England V V lausiannea_ St Bd of Med Ex: (US SUP CT 1964) 375 US 411;

There is no legal remedy available for Petitioner Henderson see
* _Ex parte Phillips_ 887 So2d 324 (2004 Ala Sup Ct)
_Young V State_ 546 so2d 858 ( _Dowdell v State_ 854 So 2d 1195 (Ala Cr App 2002) _Holladay V State_ 629 So2d 673 (Ala 1992); _Felder V St_ So2d _____ (2006 Ala Cr App Lexis 30 3/3/2006;

Please see: _Dea's V State_ 844 So2d 1286 ( Ala Cr App 2002) The Lesser included offenses of Murder Capital Felony Murder; Lee V State 898 So2d 790 (2003 Ala Cr App).
_US V Lawton_ 995 F2d 290 (1993); _State v Moore_ 458 NW 2d 90 (Minn 1990),

_HARRIS V OKLAHOMA_ 433 US 682 (US SUP CT 1977) held ..."
subsequent prosecution for Robbery with a firearm was barred by the DJ Clause because defendant had already been tried for felony murder based on the same underlying felony ... for the Due Process, Double Jeopardy purposes" the crime generally described as "felony murder" is NOT a SEPARATE OFFENSE distinct from its ELEMENTS.
° _ILLINOIS V VITALE_ 447 US 410, 420-21 (1980 US SUP CT)

(10)                     page 10 of 16 NEXT →

## # JURISDICTION AND VENUE PURSUANT US CODE ##

● The Honorable United States District Court for the Northern District of Alabama, BIRMINGHAM, at #729- 5th Avenue North; HUGO L. BLACK US COURTHOUSE office of Dist.Ct. Clerk, Birmingham, Alabama, 35203-

# DOES HAVE JURISDICTION: 28 USC §§1331 and 1343 (a)(3);

● VENUE IS APPROPRIATE 28 USC § 1391(b)(2), because the events giving rise to claim is inside this Courts authority at St Clair Correctional Facility (SCCF); 1000 St Clair Road; Springville, Alabama, 35146; JOE HENDERSON # PO6899X is located at instant prison institution of Alabama Department of Corrections, Headquarters in Montgomery, Alabama, 36130; PO Box 301501; The person holding Petitioner Henderson #PO6899X in false/Illegal imprisonment is Warden, C. Jones, III level CORRECTIONAL INSTITUTION WARDEN, head supervisor, per the Orders of ADOC, in Montgomery, for the ORDER by Circuit Court Judge of Elmore County John Bush, presiding, CC-85-69, State V Henderson, Elmore County Circuit Court, CC-85-69, for a Robbery charge and sentence of Life without Parole that DID NOT, COULD NOT, LEGALLY have occurred.

Again, HENDERSON has NO OTHER LEGAL REMEDY AVAILABLE, Alabama Judiciary refuse to acknowledge the Plain Error standard of Review for NON-CAPITAL CASES.
* Henderson, instant cannot file for Mandamus relief,
● Ex parte Phillips 887 So2d 324 (Ala 2004); Procedurally barred from filing post conviction petition Holladay v State Rule 32, ARCrP, 629 So2d 673 (1992); Young v State 576 So2d 858 (Rule 32.2(C) Bowdell v State 854 So2d 1195 (2002 Al CrApp)
* The Supreme Court Ruling: "EXCEPTIONAL CIRCUMSTANCES"

Justice Powell and White, United States Supreme Court proposed plain error rule, service in collateral proceedings as well, Wainwright V SYKES (US SUPCT 1977) 433 US 72; CARR V ALABAMA (CIR 5 ALA) 586 F2d 462 (Cir 5 Ala 1978) binding precedent IGNORED BY THE Alabama State Courts,
This Court, instant case at BAR, Petitioner Henderson, REQUESTS FEDERAL INTERVENTION IN THE FOLLOWING MANNER:
(please see next page).

**& REQUESTED RELIEF :**

1. FOR THIS HONORABLE UNITED STATES FEDERAL DISTRICT COURT TO INTERVENE ON BEHALF OF AN ILLEGALLY INCARCERATED INMATE IN CUSTODY OF THE STATE OF ALABAMA through the ORDER of Circuit Court Judge of ELMORE COUNTY, ALABAMA, CC-85-69, FOR THE CRIMI-NAL CHARGE OF ROBBERY IN THE FIRST DEGREE, SUBSE—QUENTLY SENTENCED TO PUNISHMENT OF LIFE WITHOUT THE POSSIBILITY OF PAROLE, By HOLDING PETITIONER HERE OF IN CRIMINALLY VIOLENT ATMOSPHERE, INSTITUTION, KNOWN AS THE ST. CLAIR CORRECTIONAL FACILITY (ADOC) SCCF, ADMINISTRATION WARDEN III, C. Jones, Superintendent, Head of Admin of SCCF, wherein JOE HENDERSON AIS#10689XX is held illegally, against Henderson's will, with constant threat of physical violence and/or death an EVERYDAY expectation.

2. US Federal District Court for the N. Dist. of Alabama at Birmingham to RECOGNIZE :

   A) Henderson has never been convicted by a jury of a criminal offense according to the Alabama Code 1975; See EXHIBIT A attached

   B) Henderson was ACQUITTED by an Elmore County GRAND JURY for any part in the CAPITAL OFFENSE INCLUDING ELEMENTS thereof on November 28, 1990, See EXHIBIT B and C attached. See Exhibit D attached.

   C) EXHIBIT B clearly shows there is NO Robbery Charges EVER in name Joe Henderson.

   D) Exhibit C clearly shows there is/was ONE Capital Offense charge by an Elmore County Grand Jury CC-85-69,

   E) Now please see D again. Ruling of "acceptance" of verdict EXTINGUISHED the Capital Offense charge, Robbery was an element of same →

(12 of 16)

* Requested Relief : continued :

* EXHIBIT "E" is presented to show the Court the facade of a sentencing hearing Joe Henderson petitioner hereof was allowed :

ISSUE presented HEREIN FOR THE COURTS DETERMINA— TION,

(1) "Is Joe Henderson" 106899X LEGALLY INCARSER— ATED IN/BY THE STATE OF ALABAMA ?

(2) HAS JOE HENDERSON 106899X BEEN ACQUITTED AND pursuant FRAUD and LEGAL complexities same could not be expected to understand been found guilty of Robbery First Degree, sentenced to INDEFINITE INCARSERATION, LWOP, as punishment, DENIED A DIRECT APPEAL, DENIED ACQUITTAL, for Capital Offense (Indicted Charge CC-85-69 pursuant §13A-5-40 (a)(2), AlaCode 1975, wherein NO LESSER included offense other than Murder as defined in §13A-6-2 (a) (1)(2) and (3), Only a Victims Death, Murder, is a lesser-included offense. BECAUSE pursuant Alabama law, Code 1975, Capital Offense is ONE CRIME, with multiple Elements See also: ILLINOIS v VITALE 447 US 410-21 (1980 USSUPCT) — underlying felonious activity is an ele— ment, NOT a seperate offense, an enhancement factor to send Murder to Capital Offense stage/level.

(3) Henderson has requested LEGAL AID and Assistance from Inmate, Jailhouse, Lawyers that could NOT breech Elmore County Alabama puzzling documents search answer. Therefore the mentally deficient Joe Henderson * 106899X has been ignored by the "CONFLICT OF INTER EST" ADOC, specialists custody classification, pro— fessional law enforcement peoples, agencys,

(13) Thirteen of the NEXT...

Requested Relief: continued (2nd time):

#4 to include the Attorney General of Alabama that was requested to provide answer for Hendersons Incarceration: on December ___, 2018, but the Montgomery County Circuit Court DID NOT FILE the motion until the 20th, 2018, December. Henderson did not receive the ANSWER of Acceptance/Filing by the Montgomery County Circuit Court until January 7, 2019. THEN the Returned Motion HAD NO FILE NUMBER, only stamped Dated/Received, 20th Dec 2018, BUT IT CAME FROM, WAS Returned by LEE County in Opelika Alabama that has absolutely no interest in the case whatsoever, Joe Henderson 106899X has shown the US District Court that it is FUTILE to attempt to compel response from the State of Alabama concerning the illegal incarceration of Joe Henderson 106899X.

Once this Honorable Court has reviewed the instant WRIT OF PROHIBITION, MANDAMUS, per 28 USC § 1651, All Writs Act, the accompanying EXHIBITS attached heretofore, the Intervention of this Court the Courts Immediate Attention, Article III, Court, protecting US Citizens from State, Authority, Governmental ABUSES, please send Federal Marshalls to locate Take into federal custody Joe Henderson 106899X Because ADOC may order Henderson moved, transferred. ADOC headquarters 50 S. Ripley Street, PO Box 301501, Montgomery, Alabama 36130; Any thing can happen to Henderson because of Governmental abuse. To Keep Henderson hidden. See: Exhibit A/ Henderson does exist!!!

(14) (Fourteen of 16 NEXT...

Requested Relief : (continued 3rd page)

Henderson desperately needs federal assistance in this matter.
For 34 years the State of Alabama has hidden the fact that Henderson is illegally incarcerated.

* NO Robbery Charge exists under the State Court Case number CC-85-69, The Court Clerks letter at Exhibit B, proves this;

This Court is Petitioned by the Inmate: Joe Henderson 106899X of Alabama Department of Corrections at S.C.C.F, 35146, to ORDER :
The Petition for ALL WRITS ACT WRIT OF PROHIBITION is necessary to compel the Attorney General of Alabama, Representative of Alabama, ADOC, SCCF, Warden III C. Jones, and Elmore County Circuit Court, Wetumpka, Alabama case number CC-85-69, AS THIS COURT DEEMS JUST AND PROPER AS FAR AS PROCEDURE OF COURSE TO COMPEL STATE(S) Representative to ANSWER the charges of the Petitioner Joe Henderson 106899X has been FALSELY/ILLEGALLY imprisoned within ADOC FOR 34 years AFTER An Elmore County Grand Jury Acquitted Henderson of the Capital Offense §13A-5-40 (a)(2), Alabama Code 1975, to include the UNINDICTED, UNACCUSED Robbery First Charge "ACCEPTED" by determination of the Cir Ct of Elmore County erroneously
The Representatives of Alabama must answer, The Equal Protection Clause →

Requested Relief (page 4 continued):

16 of 16

* The Court instant will find that every entitlement GRANTED the instant Petitioner Henderson by way of the USC, USCA, The Ala. Const, 1901, Art. I §§ 1-25, HAS BEEN STRIPPED AWAY FROM Henderson for the past 34 years 1st, 5th, 6th, 8th, 14th, 4th, USCA, Ala Code 1975, All, Henderson is further protected 3 (three) times over by the Equal Protection Act, 42 USC § 1983, Civil Rights Act of 1964, ADA of 1990 (Americans With Disabilities Act of 1990) Because: Special Class Protections:

— (A) Henderson as shown on Exhibit A is a minority member;

— (B) Henderson is mentally, Intellectually, impaired. (assistance provided by inmates)

— (C) Henderson is a DIALYSIS PATIENT compelled to Dialyzation 3 (three) times a week;

— Henderson Deserves Federal Intervention to compel State of Alabama prove a jury of Elmore County found Henderson guilty of the Indictable Offense accused Exhibit C attached, on November 28, 1990, where is the Robbery First Degree Indictment? —

I, Joe Henderson, certify under the penalty of perjury that the above stated facts are true and correct to the best of my ability and understanding and that I have placed ONE Copy of the aforegoing 16 page document to MAN-DAMUS in the SCCF Institutional Mailbox postage provided addressed to Attorney General of the State of Alabama 501 Washington Ave, PO Box Montgomery Alabama ~~36130~~ 36130 on todays date 1-20-19

Respectfully

Joe Henderson pro se
Joe Henderson 100 Spax
SCCF Q-33
1000 St Clair Road
Springville Ala 35146

Done this the 20 day of January 2019

(EOD)

pursuant 28 USC § 1746

(16) (16 of 16)

# Alabama Department of Corrections
## Classification Inmate Summary
### AIS   00106899X   HENDERSON, JOE

CLAS091

**A** *(handwritten)*

AIS: 00106899X          Prev/Next: 0000Z452

Inmate: HENDERSON, JOE

Legal:

R/S: BM    Dob: 12/05/1953          SSN: xxx-xx-5301

Inst: 067 - ST.CLAIR CORRECTIONAL FAC.    BED #

Admit: 11/28/1990 ② LIFE SENTENCE W/O PAROLE          *two? (handwritten)*

Status: 82 - INCARCERATED

Jail: 005Y 05M 27D          Retro CIT: NONE

Security: (5) Five          MH: 0          HC: 5

Custody:   MED-9    Custody Date: 05/14/2018          Parole Review Date: * NONE *

Alias:   HENDERSON, JOE

IMAS:   No Current Status Entered in IMAS

Class Date: 11/28/1990          *Jury Verdict/Sentencing (handwritten)*

CLASS IV - PROHIBITED FROM EARNING GOODTIME

| Total Term | Min Rel Dt | GoodTime Bal | GoodTime Rev | Dead Time | Long Date |
|---|---|---|---|---|---|
| LWOP | 99/99/9999 | 000000 Days | 000000 Days | 00Y 00M 00D | 99/99/9999 |

Inmate Literal:

*ONLY ONE CASE (handwritten)*

**Offenses for 00106899X**

| Seq | County | Sent Dt | Case Nbr | Total Fees | Hab Off | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | ELMORE | 11/28/1990 | CC1985000069 | 50.00 | Y | JL-CR 2002 | LWOP | CS |
| | 251A - ROBBERY I | | | | | | | |

**Detainer Warrants for 00106899X**
Inmate Currently has NO ACTIVE Detainer Warrants

**Probations, Escapes and Paroles for 00106899X**
No Probations     No Escape Sentences     No Escapes     No Parole Releases

**Disciplinaries for 00106899X**

Seq: 9     MAJOR Discipline on 07/29/2016 At Inst: 040 - WILLIAM E. DONALDSON CORR. FAC.
Cust from 29 to 29          Retain Days: 0          Time Lost: 0Y 0M 0D
Rule: 501 - FIGHTING WITHOUT A WEAPON

Seq: 8     Behavior Citation on 06/01/2007     At Inst: 777 - LIMESTONE SPECIAL UNIT
Cust from 29 to 29          Retain Days: 0
Rule: 63 - DISORDERLY CONDUCT

Seq: 7     Behavior Citation on 11/15/2004     At Inst: 777 - LIMESTONE SPECIAL UNIT
Cust from 29 to 29          Retain Days: 0
Rule: 85 - VIOLATION OF INSTIT. RULES OR REG.

Seq: 6     MAJOR Discipline on 01/28/2002 At Inst: 777 - LIMESTONE SPECIAL UNIT
Cust from 69 to 69          Retain Days: 0          Time Lost: 0Y 0M 0D
Rule: 64 - POSSESSION OF CONTRABAND

*CC-85-69 ELMORE County (handwritten)*

Run Date: 12/17/2018 12:09:01 PM

Page 1 of 2

## Circuit Clerk of Elmore County



**LARRY DOZIER**
*Circuit Clerk*
Elmore County, Alabama



SHARON CABLES
*Deputy Clerk*

February 28, 2012

Joe Henderson
AIS #106899
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749-7009

Dear Mr. Henderson:

This letter is in response to your "Request for Legal Documents".

This office has no record of any charge for anyone under the name of Joe Henderson for the charge of Robbery.

I hope this information has been helpful to you and your situation.

Sincerely,

Larry Dozier
Circuit Clerk

LD/tm



CC-85-69
Elmore County

P.O. Box 310 • Wetumpka, Alabama 36092 • (334) 567-1123



**INDICTMENT**

**STATE OF ALABAMA**

Elmore —————— **COUNTY**

**Circuit Court**

Spring ——— **Term, 19** 85 ———

The Grand Jury of said County charge that before the finding of this Indictment, Joe Henderson,

whose   true   name   is   to   the   Grand   Jury   unknown,   otherwise   than   as   stated, did intentionally cause the death of Wilson Jolly, Sr. by shooting him with a pistol and the said Joe Henderson caused the death during the time that Joe Henderson was in the course of committing or in connection with or attempting to commit a theft of lawful U.S. currency, a better description of said currency being otherwise unknown to the Grand Jury, which was the property of Jolly's Grocery, owned by J. Wilson Jolly, Sr. Louise Jolly, J. Wilson Jolly, Jr. and Adelle Jolly, by the use of force against the person of Wilson Jolly, Sr. with the intent to overcome his physical resistance or physical power of resistance, while the said Joe Henderson was armed with a deadly weapon or a dangerous instrument, to-wit: a pistol, in violation of Section 13A-5-40 (a) (2), of the Code of Alabama,



| Date | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 11-5-90 | Order on Pending Motions. (Copy to: atty. + D.A.) |
| 11-20-90 | Order upon Review of District Attorney's file. (c. to: atty. + D.A.) |
| 11-6-90 | Deft. present w/ counsel. Deft's Mot. to Quash Jury Venire filed. Deft's Motion In Limine filed. Deft's Amendment to Mot. to Quash filed. After hearing and argument Motions to Quash + Deft Motion In Limine Denied. States Oral Motion to use prior trial testimony of David Johnson. Hearing. Motion Granted as per record. JRB |
| 11-27-90 | Jury voir dire + selection. JRB |
| | Deft present w/ counsel. Jury identified, sworn and seated. TRIAL. JRB |
| 11-28-90 | TRIAL. After deliberation jury returned a verdict which was accepted by the Court as follows: "We, the jury, find the Defendant Joe Henderson Guilty of Robbery I° as embraced in The Indictment. /s/ Mark S Garrett" "Foreman". In presence of Counsel, Sentencing hearing held, State introduced certified copies of 3 prior felony convictions. Deft adjudged Guilty of Robbery I° and having nothing to say, pursuant to the Habitual Offender Act Deft sentenced to serve Life in the peny without parole and assessed $50 V.C.F. Deft informed of right to appeal. /s/ John B Bush Circuit Judge |
| 2-14-90 | Motion For Mistrial or in The alternative For a New Trial. |
| 2-14-90 | Motion to Transcribe Certain Portions of Trial to be used as exhibits in Motion For mistrial and/or New Trial. |
| 2-14-90 | Motion to Transcribe certain portions of Trial, etc., granted. (C to: atty, reporter + DA) |
| 2-8-91 | Order and Consent to render a decision on Deft's Motion For New Trial past 60-days cut-off, also, |

CC-85-69

R-420

E-1 (three pag...

11/28/85

CC-85-69

Elmore County

Circt Judge BUSH

1   there is one in the court file.  And

2   since I have knowledge that since

3   Mr. Henderson's sentencing on the

4   first trial of this case he has been

5   continuously incarcerated, the

6   Court is not going to order an

7   additional presentence

8   investigation.  Basically if the

9   State proves what I expect they are

10   going to offer, the Court has no

11   discretion with regard to sentencing

12   pursuant to the statutes promulgated

13   by the legislature.

14      So I want to go on and proceed

15   with the sentencing part of this

16   case at this time.

17      Ms. Clardy,  does the State

18   have anything they wish to offer

19   with regard to sentencing?

20   MS. CLARDY:  Yes, Your Honor.  States

21   Exhibit A-1 is a certified copy a

22   conviction out of Pike County,

23   Alabama, dated 2/16/73 where Joe

24   Henderson pled guilty to assault

25   with intent to murder and was

1            sentenced to ten years.  This

2            conviction shows on its face that he

3            was present with his own attorney J.

4            B.  Wiley.

5        THE COURT:   You have anything

6            additional?

7        MS. CLARDY:  Yes, sir.  State's Exhibit

8            A-2 is a certified copy of a minute

9            entry out of Lowndes County,

10            Alabama, Case Number CC-77-39

11            wherein on the 7th of October of

12            1977 Joe Henderson was convicted of

13            two counts of robbery.  He was

14            sentenced to ten years on each count

15            to run concurrently and that

16            sentence also ran currently with any

17            sentence he was serving at the

18            time.

19                This document also shows on its

20            face that he was represented by an

21            attorney Mr. Jasper Roberts.

22        MR. DEBARDELABEN:  I believe on Case

23            CC-77-39, the defendant wasn't

24            convicted, he pled guilty.

25        THE COURT:   You have had an opportunity

1                 to review both of these exhibits,

2                 Mr. DeBardelaben; is that right?

3         MR. DEBARDELABEN:  Yes, sir, they are

4                 certified copies of the conviction.

5         THE COURT:   Do you have any objections

6                 to the Court receiving these

7                 certified copies of these prior

8                 convictions?

9         MR. DEBARDELABEN:  I would prefer to

10               receive all the records rather than

11               just the conviction to see if there

12               was any extenuating circumstances

13               specifically on the last one where

14               it says two counts it is on one

15               case.  And I don't know how the

16               Habitual Offender Act reads if it is

17               one case with two counts.  It is one

18               sentence.  So I don't believe -- I

19               have my doubts about whether that

20               invokes the Habitual Offender Act.

21         THE COURT:   States Exhibit A-1 and A-2

22               will be admitted.  The objection of

23               defense counsel with regard to these

24               exhibits and what they show is

25               noted.  And the Court has reviewed